**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: WELLANDER, ALAN GEORGE           § Case No. 15-10854
                                         §
                                         §
Debtor(s)                                §

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on March 26, 2015. The undersigned trustee was appointed on March 26, 2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of         $        9,000.00

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 35.83 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]     $ | 8,964.17 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 09/18/2015 and the deadline for filing governmental claims was 09/22/2015. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,650.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,650.00, for a total compensation of $1,650.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/30/2015            By: /s/NORMAN NEWMAN
                                Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 15-10854  
**Case Name:** WELLANDER, ALAN GEORGE  

**Period Ending:** 09/30/15

**Trustee:** (330270) NORMAN NEWMAN  
**Filed (f) or Converted (c):** 03/26/15 (f)  
**§341(a) Meeting Date:** 05/07/15  
**Claims Bar Date:** 09/18/15

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) Ref. # | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| 1  2831 N Kildare Chicago, IL 60641 (Debtor's Resid   Imported from original petition Doc# 1 | 189,900.00 | 27,396.00 | | 9,000.00 | FA |
| 2  money market account with - Bank of America   Imported from original petition Doc# 1 | 111.00 | 111.00 | | 0.00 | FA |
| 3  checking account with - Bank of America   Imported from original petition Doc# 1 | 2,800.00 | 962.00 | | 0.00 | FA |
| 4  Used household goods; TV, DVD player, TV stand,   Imported from original petition Doc# 1 | 3,000.00 | 0.00 | | 0.00 | FA |
| 5  Books, CD's, DVD's, Tapes/Records, Family Pictur   Imported from original petition Doc# 1 | 250.00 | 0.00 | | 0.00 | FA |
| 6  Necessary wearing apparel.   Imported from original petition Doc# 1 | 100.00 | 0.00 | | 0.00 | FA |
| 7  Pension w/ Employer/Former Employer - 100% Exemp   Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 8  IRA - 100% Exempt.   Imported from original petition Doc# 1 | 4,000.00 | 4,000.00 | | 0.00 | FA |
| 9  Pending workers compensation settlement   Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 10 Potential Social Security Disability backpay   Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 11 Car accident settlement pending.   Imported from original petition Doc# 1 | 2,600.00 | 0.00 | | 0.00 | FA |
| 12 2001 Ford Explorer   Imported from original petition Doc# 1 | 1,134.00 | 134.00 | | 0.00 | FA |
| 13 1964 Chevrolet Malibu. Purchased 6 years ago for   Imported from original petition Doc# 1 | 3,000.00 | 600.00 | | 0.00 | FA |
| 14 Tools. Debtor was a construction worker prior to   Imported from original petition Doc# 1 | 1,500.00 | 0.00 | | 0.00 | FA |
| **14  Assets    Totals** (Excluding unknown values) | **$208,395.00** | **$33,203.00** | | **$9,000.00** | **$0.00** |

**Major Activities Affecting Case Closing:**

Sold interest in real estate.

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 2

**Case Number:** 15-10854  
**Case Name:** WELLANDER, ALAN GEORGE  

**Trustee:** (330270) NORMAN NEWMAN  
**Filed (f) or Converted (c):** 03/26/15 (f)  
**§341(a) Meeting Date:** 05/07/15  

**Period Ending:** 09/30/15  
**Claims Bar Date:** 09/18/15

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

**Initial Projected Date Of Final Report (TFR):** November 30, 2015    **Current Projected Date Of Final Report (TFR):** November 30, 2015

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

**Case Number:** 15-10854  
**Case Name:** WELLANDER, ALAN GEORGE  

**Taxpayer ID #:** **-***6969  
**Period Ending:** 09/30/15  

**Trustee:** NORMAN NEWMAN (330270)  
**Bank Name:** RABOBANK, N.A.  
**Account:** ******3866 - Checking Account  
**Blanket Bond:** $5,000,000.00   (per case limit)  
**Separate Bond:** N/A  

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 06/16/15 | {1} | Alan Wellander | Payment for Trustee's Interest in real estate pursuant to Order dated 6/10/15 | 1110-000 | 9,000.00 | | 9,000.00 |
| 06/30/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 8,990.00 |
| 07/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 13.36 | 8,976.64 |
| 08/31/15 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 12.47 | 8,964.17 |
| | | | **ACCOUNT TOTALS** | | 9,000.00 | 35.83 | **$8,964.17** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 9,000.00 | 35.83 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$9,000.00** | **$35.83** | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ******3866** | 9,000.00 | 35.83 | 8,964.17 |
| | **$9,000.00** | **$35.83** | **$8,964.17** |

{} Asset reference(s)

Printed: 09/30/2015 02:17 PM   V.13.25

# EXHIBIT C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** September 18, 2015

**Case Number:** 15-10854  
**Debtor Name:** WELLANDER, ALAN GEORGE  

Page: 1

**Date:** September 30, 2015  
**Time:** 02:17:32 PM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| NBN 200 | NORMAN B. NEWMAN, TRUSTEE<br>Much Shelist, P.C.<br>191 N. Wacker Drive, #1800<br>Chicago, IL 60606 | Admin Ch. 7 | | $1,650.00 | $0.00 | 1,650.00 |
| MS-E 200 | MUCH SHELIST, P.C.<br>191 N. Wacker Drive, Suite 1800<br>Chicago, IL 60606 | Admin Ch. 7 | | $208.20 | $0.00 | 208.20 |
| MS-F 200 | MUCH SHELIST, P.C.<br>191 N. Wacker Drive, Suite 1800<br>Chicago, IL 60606 | Admin Ch. 7 | | $4,017.50 | $0.00 | 4,017.50 |
| 1 610 | PYOD, LLC its successors and assigns as assignee<br>of Citibank, N.A.<br>Resurgent Capital Services, PO Box 19008<br>Greenville, SC 29602 | Unsecured | | $7,419.38 | $0.00 | 7,419.38 |
| << Totals >> | | | | 13,295.08 | 0.00 | 13,295.08 |

**TRUSTEE'S PROPOSED DISTRIBUTION**  Exhibit D

Case No.: 15-10854
Case Name: WELLANDER, ALAN GEORGE
Trustee Name: NORMAN NEWMAN

**Balance on hand:** $ 8,964.17

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 8,964.17

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - NORMAN B. NEWMAN, TRUSTEE | 1,650.00 | 0.00 | 1,650.00 |
| Attorney for Trustee, Fees - MUCH SHELIST, P.C. | 4,017.50 | 0.00 | 4,017.50 |
| Attorney for Trustee, Expenses - MUCH SHELIST, P.C. | 208.20 | 0.00 | 208.20 |

Total to be paid for chapter 7 administration expenses: $ 5,875.70
Remaining balance: $ 3,088.47

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 3,088.47

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

**UST Form 101-7-TFR (05/1/2011)**

|  | Total to be paid for priority claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 3,088.47 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 7,419.38 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 41.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | PYOD, LLC its successors and assigns as assignee | 7,419.38 | 0.00 | 3,088.47 |

|  | Total to be paid for timely general unsecured claims: | $ | 3,088.47 |
|---|---|---|---|
|  | Remaining balance: | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | None |  |  |  |

|  | Total to be paid for tardy general unsecured claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**